By the Court.—Mottell, Ch. J.
The bark which came in contact with the plaintiff’s pier, was at the time in tow by the defendant’s tug boat. It was therefore necessary-for the plaintiff to show that the injury was caused by the tug.
The bark was attached to the tug by a hawser from seventy-five to ninety feet long. She was being towed down the river. A pier immediately above the plaintiff’s, projected into the river some hundred feet beyond the plaintiff’s. An eddy runs along the ends of the piers, setting in towards the shore, and carrying- objects, within its influence, towards or against the piers. In towing the bark, the tug, as it was alleged, negligently brought it within the influence of the eddy, and it was drifted against the plaintiff’s pier.
It is clear, I think, that if the negligent act of the tug in not keeping farther from the eddy, caused the bark to collide with the pier, the tug was the immediate and responsible cause of the collision, and the only question upon the first ground of the motion to dismiss the complaint, is, whether there was sufficient evidence of negligence to go to the jury.
I think there was. The defendants were engaged in the business of towing in the New York harbor. The eddy was notorious. The parties in charge of the tug must be presumed to have known of its existence, and of its influence upon vessels. They were towing the bark by a very long hawser, which impaired the control over the tow. The tug should have been kept away from the influence of the eddy, or the bark should have been more under the control of the tug. *109 When the tug and bark had passed the upper pier, the latter was brought within the power of the eddy, and it was then too late for the tug to prevent the injury.
This evidence made a prima facie case for the plaintiff.
But it was claimed by the respondent, that the cross examination of the plaintiff s witness disclosed facts exonerating the defendants, and establishing that the immediate cause of the collision was mismanagement on board the bark.
Such doubtless would justify the decision below, if the persons in charge of the bark were not the servants of the defendants. But I have not found any "evidence to predicate such a conclusion. It was testified that there were persons on the bark, and that a man stood at the wheel. But it did not appear that such persons, or any of them, did any act to which the injury could be attributed.
The evidence, therefore, was w7holly insufficient to. cast the responsibility upon persons on the bark.
That was a substantial defense, and the burden of proof was upon the defendant.
I think the dismissal of the complaint was erroneons.
The judgment should be reversed and a new trial granted, with costs to the appellant, to .abide the event.
Freedmax, J., concurred.